**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

SEP 2 2 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

     Plaintiff,

 v.

BROTHER INTERNATIONAL
CORPORATION D/B/A BROTHER
MALL,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

JUDGE GOTTSCHALL

**05C 5484**

Case No. _____

MAGISTRATE JUDGE KEYS

PLAINTIFF DEMANDS
TRIAL BY JURY

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") hereby makes its

Complaint against Brother International Corporation d/b/a Brother Mall ("Brother") and alleges

as follows:

### I.  NATURE OF ACTION

1.  This is an insurance coverage action seeking declaratory relief pursuant to 28

U.S.C. §§ 2201 and 2202. St. Paul seeks a determination of the parties' rights and obligations

under a certain insurance policy that St. Paul issued to Brother with respect to the underlying

lawsuit identified in this Complaint. Disputes exist between the parties regarding whether there

is coverage for the underlying lawsuit and whether St. Paul has a duty to defend and indemnify

Brother in connection with the underlying lawsuit. Therefore, St. Paul seeks a declaration that:

    (a)  the St. Paul Policies do not provide coverage for alleged violations of the

      Telephone Consumer Protection Act ("TCPA");

(b)     the St. Paul Policies do not provide coverage for the alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act;

(c)     the St. Paul policies do not provide coverage for the alleged violations of conversion under Illinois common law;

(d)     St. Paul has no duty to defend Brother in the underlying lawsuit because there is no coverage under its policies;

(e)     St. Paul has no duty to indemnify Brother in the underlying lawsuit because there is no coverage under its policies; and

(f)     St. Paul is entitled to reimbursement for any defense costs it has paid to Brother pursuant to a full reservation of rights in the underlying lawsuit.

## II.     PARTIES

2.     Plaintiff St. Paul is an insurance company organized and existing under the laws of the State of Minnesota, with its principal place of business in St. Paul, Minnesota.

3.     Defendant Brother International Corporation d/b/a Brother Mall is a Delaware Corporation with its principal place of business in Bridgewater, New Jersey.

## III.     JURISDICTION AND VENUE

4.     This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5.     An actual justiciable controversy exists between St. Paul and Brother within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided under the St. Paul Policy, as more particularly described below.

6.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(l) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and

costs, and the suit is between citizens of different states. In particular, Brother has spent in excess of $518,000 to defend the underlying lawsuit, and contends that St. Paul is obligated to reimburse Brother for those defense costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this action occurred in this District.

## IV.    UNDERLYING LAWSUIT

8.      This action addresses coverage for a purported class action lawsuit brought by Stonecrafters, Inc. against Brother, alleging various causes of action including alleged violations of the TCPA.

9.      The purported class action lawsuit was filed on or about June 3, 2003 against Brother International Corporation d/b/a Brother Mall, in the Circuit Court of McHenry County, Illinois and is entitled *Stonecrafters, Inc, an Illinois Corporation, individually and as the representative for a class of similarly situation persons v. Brother International Corporation d/b/a Brother Mall*, No. 03CH409 ("underlying lawsuit"). A true and correct copy of the underlying summons and complaint is attached hereto as Exhibit A.

10.     The underlying complaint alleges that on or about October 28, 2002, Brother faxed an unsolicited fax advertisement to a fax machine owned by Stonecrafters.

11.     The underlying complaint also alleges that Brother sent thousands of similar unsolicited fax advertisements throughout the United States and the State of Illinois.

12.     Count I of the underlying lawsuit alleges that Brother violated the TCPA, 47 U.S.C. § 227, when Brother transmitted an unsolicited fax advertisement to Stonecrafters and other purported class members without obtaining their consent and without having a prior business relationship with them.

- 3 -

13.     Count I in the underlying lawsuit also alleges that as a result of receiving Brother's unsolicited fax advertisements, Stonecrafters and the other purported class members have lost paper and toner.

14.     Count II in the underlying lawsuit alleges that Brother committed common law conversion.   Stonecrafters alleged that by sending faxes to it and the other purported class members, Brother improperly and unlawfully converted their fax machine, toner and paper to its own use.

15.     Count III in the underlying lawsuit alleges that Brother engaged in unfair and deceptive acts in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to Stonecrafters and the other purported class members, and Stonecrafters and the purported class members suffered damages in the form of loss of  paper, toner, ink, and wear and tear on their facsimile machines.

16.     On or about April 6, 2005, Stonecrafters, individually and on behalf of the class, entered into a settlement with Brother of the underlying lawsuit.   The settlement provided that each Settlement Class Member is entitled to select one of the following three forms of compensation: 1.) a free, Brother-brand standard toner, ink or print cartridge for a Brother fax machine, multi-function center, or printer; 2) fifty dollars; or 3) an eighty dollar discount off of one unit of Select Brother Hardware. The settlement also provided that Brother would pay any costs and attorneys' fees awarded to plaintiffs' counsel for any work relating to the underlying lawsuit and settlement provided that the total award does not exceed $2.5 million.

17.     On or about April 11, 2005, McHenry County Circuit Court Judge, the Honorable Michael Sullivan, entered an order granting preliminary approval of the settlement.   A final hearing on the settlement was ordered to be held on September 15, 2005.

## V. THE INSURANCE CONTRACT

18.     St. Paul issued Brother International Corporation Policy No. TE02901670, effective from 09/30/2002 to 09/30/2003 (hereinafter, the "Policy"). The Policy provides commercial general liability protection on Form 47150 (Rev. 7-01), subject to a general liability limit of $2,000,000, an each event limit of $1,000,000 and an advertising injury each person limit of $1,000,0000. The Policy also provides umbrella excess liability protection on Form 47475 (Rev. 7-01) subject to a general total limit of liability of $25,000,000, an each event limit of $25,000,000, and an advertising injury each person limit of $25,000,000.

19.     As specified in the Policy, and as set out in detail below, the coverage that St. Paul agreed to provide Brother is limited, and is subject to certain definitions, scope and date restrictions, insuring agreements, retained and aggregate policy limits, as well as exclusions set out in the documents. Moreover the relevant terms, conditions, definitions and exclusions in both the commercial general liability protection and umbrella excess liability protection are the same with respect to the allegations set forth in the underlying lawsuit.

20.     The "property damage liability" coverage part under the Policy provides coverage for "property damage" occurring during the policy period that is caused by an "event," which is defined in relevant part as an "accident."

> **Bodily injury and property damage liability**. We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:
>
> • happens while this agreement is in effect; and
> • is caused by an event.
>
>                                       * * *
>
> Property damage means:

- physical damage to tangible property of others, including all resulting loss of use of that property; or
- loss of use of tangible property of others that isn't physically damaged.

* * *

We'll consider all loss of use of:

- damaged tangible property to happen at the time of the physical damage that caused it; and
- undamaged tangible property to happen at the time of the event that caused it.

*Event* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

21.     The Policy specifically excludes coverage for "property damage" that is either expected or intended by an insured.

> **Expected or intended bodily injury or property damage**. We won't cover bodily injury or property damage that's expected or intended by the protected person.

22.     The "advertising injury liability" coverage grant under the Policy provides coverage for damages resulting from an enumerated advertising injury offense committed during the policy period.

> **Advertising injury liability.** We'll pay amounts any protected person is legally required to pay as damages for covered advertising injury that:
>
> - results from the advertising of your products, your work, or your completed work; and
> - is caused by an advertising injury offense committed while this agreement is in effect.
>
> We won't consider advertising, borders, or frames for or of others, or links for or to others, that are on or in your website to be advertising of your products, your work, or your completed work.
>
> *Advertising injury* means injury, other than bodily injury or personal injury, that's caused by an advertising injury offense.

*Advertising injury offense* means any of the following offenses:

- Libel, or slander, in or with covered material.
- Making known to any person or organization covered material that disparages the business, premises, products, services, work, or completed work of others.
- Making known to any person or organization covered material that violates a person's right of privacy.
- Unauthorized use of any advertising idea or advertising material, or any slogan or title, of others in your advertising.

*Advertising* means attracting the attention of others by any means for the purpose of: seeking customers or supporters; or increasing sales or business.

23.     The Policy excludes coverage for "advertising injury" that results from written or spoken material which was first made known before the policy went into effect.

**Material previously made known or used.** We won't cover personal injury or advertising injury that results from:

- any material that was first made known before this agreement begins; or
- any advertising material, or any slogan or title, of others, whose unauthorized use in your advertising was first committed before this agreement begins.

24.     The Policy also excludes coverage for "advertising injury" that results from the deliberate breaking of any criminal law.

**Deliberately breaking the law**. We won't cover personal injury or advertising injury that results from:

- The protected person knowingly breaking any criminal law; or
- any person or organization breaking any criminal law with the consent or knowledge of the protected person.

## VI.     DEMAND FOR COVERAGE AND RESERVATION OF RIGHTS

25.     On or about June 23, 2003, Brother tendered the underlying lawsuit to St. Paul seeking coverage under the St. Paul Policy.

- 7 -

26.     On or about July 15, 2003, St. Paul acknowledged Brother's tender of the underlying lawsuit, but St. Paul denied it had any coverage obligation under the Policy.

27.     On or about May 11, 2004, St. Paul agreed, under a complete reservation of rights, to reimburse Brother for the reasonable fees and expenses it had incurred since tendering the claim to St. Paul. In addition, St. Paul agreed to continue to reimburse Brother for reasonable defense fees and expenses on a going-forward basis, subject to a complete reservation of rights, including the right to deny coverage, withdraw from the defense, and seek to recover any defense costs paid, should a court determine that St. Paul had no duty to defend. A true and correct copy of the May 11, 2004 reservation of rights letter is attached hereto as Exhibit B. St. Paul has not reimbursed Brother for defense fees and costs because St. Paul and Brother have not been able to reach agreement as to what portion of those fees and costs are reasonable fees and costs that are the responsibility of St. Paul.

## COUNT 1

## DECLARATORY JUDGMENT

28.     St. Paul hereby incorporates and realleges the allegations in paragraphs 1-27 as if fully set forth herein.

29.     There exists a genuine and bona fide dispute, and an actual controversy and disagreement between St. Paul and Brother concerning whether the Policy provides coverage for the underlying lawsuit, and whether St. Paul is required to indemnify Brother for any settlement in the underlying lawsuit.

30.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, St. Paul in good faith requests that the Court declare the following:

a. That there is no "property damage liability" coverage under the St. Paul Policy for Brother with regards to the underlying lawsuit because there is no alleged "property damage";

b. That there is no "property damage liability" coverage under the St. Paul Policy for Brother with regards to the underlying lawsuit because there is no alleged "event";

c. That any coverage under the "property damage liability" coverage grant is precluded by the "expected or intended property damage" exclusion;

d. That there is no "advertising injury liability" coverage under the St. Paul Policy for Brother with regards to the underlying lawsuit because there is no alleged "advertising injury offenses";

e. That there is no coverage under the St. Paul Policy for any alleged violation of an organization's right of privacy;

f. That any coverage under the "advertising injury liability" coverage grant is precluded by the "deliberately breaking the law" exclusion;

g. That no other coverage grant, term, or condition in the Policy provides coverage for the claims asserted against Brother in the underlying lawsuit;

h. That St. Paul is entitled to reimbursement for any defense costs it has paid to Brother if the Court finds that St. Paul has no duty to defend; and

i. That if the Court finds that St. Paul has a duty to defend Brother, then St. Paul is only obligated to pay the independent counsel selected by Brother the normal hourly rate that St. Paul pays to other counsel with similar experience who represent its insureds in similar cases in the same jurisdiction.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff St. Paul Fire and Marine Insurance Company prays as follows:

(1) For a judgment declaring that St. Paul has no duty to defend Brother in the underlying lawsuit;

(2) For a judgment declaring that St. Paul has no duty to indemnify Brother in the underlying lawsuit;

(3)     For such other and further relief this Court may deem just and proper.

Respectfully submitted,

Dated: _Sept. 22, 2005_

Thomas M. Crawford
ARDC no. 6210832
LITCHFIELD CAVO, LLP
Suite 300
303 West Madison Street
Chicago, Illinois 60606
Tel: 312-781-6679
Facsimile: 312-781-6630
***Attorneys for Plaintiff***


Chuck Spevacek
Meagher & Geer, PLLP
33 South Sixth Street
Suite 4200
Minneapolis, MN 55402
(612)338-0661
***Of Counsel for Plaintiff***

SHERIFF'S OFFICE
SOMERSET COUNTY N.J.
RECEIVED
2003 JUN -9 AM 11: 52

### STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
### McHENRY COUNTY, ILLINOIS

(Name all parties)

STONECRAFTERS, INC., an Illinois
corporation, individually and as the
representative for a class of similarly-
situated persons,

                                    Plaintiff

          vs.

BROTHER INTERNATIONAL CORPORATION,
d/b/a BROTHER MAIL

                                    Defendant

No. 03CH409

Amount Claimed $

Serve Defendant at:
    Brother International Corporation
    100 Somerset Corporate Blvd.
    Bridgewater, NJ  08007

## SUMMONS

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, Court House, 2200 N. Seminary Avenue, Woodstock, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS  June 3,  20 03

_Vernon W Kays_
(Clerk of Circuit Court)



Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name  Brian J. Wanca                    Prepared By  Brian J. Wanca

Attorney for  Plaintiff                 Attorney For  Plaintiff

Address  3701 Algonquin Rd., Suite 760  Attorney Registration No.  3126474

City  Rolling Meadows, IL

Telephone  (847) 368-1500

CV-SUMS

**EXHIBIT**
**A**

## IN THE CIRCUIT COURT OF THE 19ᵗʰ JUDICIAL CIRCUIT
## McHENRY COUNTY, ILLINOIS

STONECRAFTERS, INC., an Illinois          )
corporation, individually and as the      )
representative for a class of similarly-   )
situated persons,                          )
                                           )
        Plaintiff,  )      **FILED**
                                           )     **JUN 03 2003**
       v.                  )
                                           )    No. 03CH409
BROTHER INTERNATIONAL                      )
CORPORATION, d/b/a BROTHER                 )   **JURY TRIAL DEMANDED**
MALL,                                      )
                                           )
        Defendant.  )

## CLASS ACTION COMPLAINT

    Plaintiff, STONECRAFTERS, INC. (herein "Plaintiff"), brings this action on behalf of

itself and all other persons similarly situated, through its attorneys, and except as to those

allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendant, BROTHER

INTERNATIONAL CORPORATION, d/b/a BROTHER MALL (herein "Defendant"):

## PRELIMINARY STATEMENT

    1.    This case challenges Defendant's policy and practice of sending unsolicited

faxes to fax machines throughout the United States even when it knows or should know that it

did not have the recipient's permission to receive advertising from Defendant and had no

procedures in place to retain recipient permission required by state and federal law.

**NOTICE**
BY ADMINISTRATIVE ORDER 94-9
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM C-220 ON
_____ 10-1_____ 20_03_. AT _____ AM/PM.
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

2. 47 USC § 227(a)(2) prohibits a person or entity from sending or having an agent sent unsolicited faxed advertisements. 47 USC § 227 (a)(2) sets minimum statutory damages for each violation of the Act at $500.00, which damages can be trebled for knowing or willful violation.

3. 720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

4. The Illinois and federal statutes, which prohibit the transmittal of unsolicited fax advertisements, recognize that the recipients of such faxes are damaged. Transmittal of unsolicited fax advertisements causes the recipients to pay for paper and ink toner related to the receipt of unsolicited faxes, which items otherwise would have been used for authorized facsimiles. Such transmittals also prevent the recipient fax machines from receiving authorized faxes, cause undue wear and tear on the recipient fax machines, and require additional labor of staff to attempt to discern the source and purpose of the unsolicited message.

5. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the common law of conversion.

6. Plaintiff seeks an award of statutory damages for each violation, punitive damages and attorney fees for Defendant's willful and intentional violation of state and federal law.

2

## JURISDICTION AND VENUE

7.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted
business and committed tortious acts related to the matters complained of herein.

8.      Venue is proper in McHenry County pursuant to 735 ILCS 5/2-101, et seq.
because the illegal fax transaction took place between Defendant's office in Bartlett,
Tennessee, and Plaintiff's office located in Lakemoor, Illinois.  The tortious act took place in
McHenry County, Illinois.

9.      Federal jurisdiction does not exist because no federal question or claim is
asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms
of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of
$75,000.00, inclusive of all forms of damages and fees.

## PARTIES

10.     Plaintiff is an Illinois corporation with its offices located in Lakemoor,
McHenry County, Illinois.

11.     Defendant is a foreign corporation and operates its business from 100 Somerset
Corporate Blvd., Bridgewater, New Jersey 08007.

## FACTS

12.     On or about October 28, 2002, Defendant transmitted by telephone facsimile
machine an unsolicited advertisement [as defined by 47 USC § 227, et seq. and 720 ILCS
5/26-3(b) and (c)] to a facsimile machine owned by Plaintiff, violating Illinois and federal
statutory prohibitions against the transmittal of unsolicited facsimiles.  A copy of that facsimile
is attached hereto and marked as Exhibit A.

3

SEP 22 2005 14:33 FROM ST PAUL CLAIMS 651 310 3344 TO 913127816630 P.06/27
JUN-23-2003 11:09 MARSH CLAIMS 1 973 267 3229 P.07

13.    · Plaintiff had no prior business relationship with Defendant and never authorized Defendant to sent fax advertisements to Plaintiff.

14.    Defendant failed to disclose the following material information on the facsimile as required by 47 USC § 227(d)(1)(B) and 47 CFR § 68.13(d): (1) the date and time the fax was sent, (2) the identity of the Defendant, and (3) the telephone numbers of the sending machine and of the Defendant. Defendant sent the facsimile to Plaintiff and the other recipients without obtaining their prior express invitation or permission. On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements throughout the United States and the State of Illinois.

15.    On information and belief, Defendant sent the fax attached hereto as Exhibit A.

16.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

17.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

18.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons (1) who on or after a date four years prior to the filing of this action, (2) were sent an advertising fax by Defendant, and (3) with respect to whom Defendant cannot provide evidence of consent or a prior business relationship.

19.    A class action is proper in that:

4

(a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii) Whether Defendant willfully or knowingly violated the provisions of 47 USC § 227;

(iv) Whether Defendant engaged in unfair practices;

(v) Whether Defendant committed the tort of conversion;

(vi) Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages;

(vii) Whether Defendant should be enjoined from committing similar violations in the future; and

(viii) Whether Defendant violated the provisions of 47 USC § 227.

20. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and

5

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

21. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

22. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ."

23. The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) Both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 USC § 227(b)(3).

6

24.     Defendant violated 47 USC § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their consent and without having had a prior business relationship with them.

25.     Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result.

26.     If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, BROTHER INTERNATIONAL CORPORATION d/b/a BROTHER MALL, as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation;

C.     That the court award attorney's fees costs;

D.     That the court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

E.     Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

7

# COUNT II
## CONVERSION

27.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

28.  In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent an advertising fax by Defendant, and (3) with respect to whom Defendant cannot provide evidence of consent or a prior business relationship.

29.  A class action is proper in that:

(a)  On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)  There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

(i)  Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)  The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)  Whether Defendant committed the tort of conversion.

30.  Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and

8

claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

31.      A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

32.      By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machine toner and paper to its own use.

33.      Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper and toner.

34.      By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machine toner and paper to Defendant's own use.  Such misappropriation was wrongful and without authorization.

35.      Defendant knew or should have known that its misappropriation of paper and toner was wrongful and without authorization.

36.      Plaintiff and the other class members were deprived of paper and toner, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

37.      Plaintiff and the other members of the class have been damaged by reason of their loss of toner, paper, and the unauthorized and unlawful wear and tear on their facsimile machines.

9

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, BROTHER INTERNATIONAL CORPORATION d/b/a BROTHER MALL, as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award appropriate damages;

C. That the court award costs of suit; and

D. Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

38. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

39. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois (1) who on or after a date three years prior to the filing of this action, (2) were sent an advertising fax by Defendant, and (3) with respect to whom Defendant cannot provide evidence of consent or a prior business relationship.

40. A class action is proper in that:

(a) On information and belief, the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

10

    (b)     There are questions of fact or law common to the class that predominate over all questions affecting only individual class members including:

        (i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

        (ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

        (iii)     Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

        (iv)     Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

        (v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

41.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

42.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

11

43.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, because it forced Plaintiff and the other class members to incur expense without any consideration.

44.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

45.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines.

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated demands judgment in its favor and against Defendant, BROTHER INTERNATIONAL CORPORATION d/b/a BROTHER MALL, as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award damages to Plaintiff and the other class members;

C.    That the court award attorney fees and costs;

D.    That the court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

12

E. Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

STONECRAFTERS, INC., Individually and as the Representative of a Class of Similarly-Situated Persons

By: _____
One of Plaintiff's Attorneys

## JURY DEMAND

Plaintiff demands trial by jury.

_____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC No. 3126474

Phillip A. Bock
Malik R. Diab
Thomas G. Macey
Robert M. Hatch
MACEY, CHERN & DIAB
444 N. Wells, Suite 301
Chicago, IL 60610
Telephone: 312/467-0004

13

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF McHENRY          )


## VERIFICATION

I, David Hammerl, being first duly swom on oath, depose and state as follows:

1.     That I am the president of Stonecrafters, Inc.

2.     That I am authorized to make this Verification on behalf of Stonecrafters, Inc.

3.     That I have read the allegations of this Verified Complaint and find that the facts
stated therein are true and correct, except to those matters alleged on information and belief
which, to the best of my knowledge, information, and belief, are true and correct.


David Hammerl


SUBSCRIBED and SWORN to before me
this _____ day of _____, 2003.


_____
Notary Public

OFFICIAL SEAL
JUDITH L. SIANO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/7/2004


14

**EXHIBIT A**



# GREAT SAVINGS ON P-TOUCH LABELING SYSTEMS - UP TO 50% OFF SUGGESTED RETAIL PRICING!

The Brother P-touch Electronic Labeling System offers the fastest, most efficient way to create professional quality labels easily and affordably, anytime, anywhere. Our patented laminated label structure consists of six layers of material that are surprisingly thin, yet strong. Unlike most label-makers on the market, P-touch labels print on the underside of the laminate, sandwiching text between two layers of film, making the characters virtually indestructible.

**Buy online from brothermall.com and save up to 50%! Machines are fully refurbished and come with the same warranty as a new machine. Visit us online to see these and other great products.**

**Quantities are limited -- get yours while supplies last!**

Check out these prices!

| RPT1810 | RPT2310 | RPT2410 |
|---------|---------|---------|
| $49.99 | $99.99 | $99.99 |

| RPT2500PC |  | RPT9200DX |
|-----------|------|-----------|
| $99.99 | | $199.99 |

For specifications and more, visit us online at www.brothermall.com where you will find a large selection of Brother P-touch electronic labeling systems, facsimile, printers and more, plus over 1,000 genuine Brother supplies and accessories.

## How To Order:



**Shop On-line!**
www.brothermall.com



**Shop by Phone!**
1-888-879-3232



**Shop by Fax!**
1-800-947-1445



**Shop by Mail**
Brother International
Consumer Sales Dept.
7777 North Brother Blvd.
Bartlett, TN 38133

If you wish to be removed from our mailing list, please fax your request to 901-379-1205.

# The St Paul

Property and Liability Insurance
St. Paul Fire and Marine Insurance Company
385 Washington Street
Mail Code 508T
St. Paul, MN 55102
Direct Dial: 651.310.6071
Facsimile: 651.310.3344

11 May 2004

Henry J. Sacco, Jr.                                **Via Facsimile (908.575.3716)**
Chief Legal Officer                                **and U.S. Mail**
Brother International, Inc.
100 Somerset Corporate Boulevard
Bridgewater, NJ 08807

RE:   **Claimant:   Stonecrafters, Inc., et al. *(Class Action)***
       **Insured:    Brother International Corporation**
       **Claim No.:  TE02901670-22H003**

Dear Mr. Sacco:

This letter will confirm and supplement my 14 April 2004 e-mail message to you, and my various telephone conversations with Anne Albanese of Marsh, which advised you that, in light of certain judicial developments, St. Paul Fire and Marine Insurance Company (St. Paul) will agree, under a complete reservation of rights, to reimburse Brother International Corp. ("Brother") for the reasonable fees and expenses that it has incurred in defending the *Stonecrafters, Inc.* class action lawsuit from the date on which the suit was tendered to St. Paul for a defense. In addition, St. Paul will also presently agree to defend Brother (i.e., St. Paul will reimburse reasonable defense fees and costs incurred by counsel of Brother's choice) on a going-forward basis, subject to the reservation of rights set forth below.

As you know, the complaint alleges violations of the federal Telephone Consumer Protection Act (TCPA), the Illinois Consumer Fraud and Deceptive Business Practices Act, and common law conversion. I note that this matter was tendered under St. Paul Policy No. TE02901670, effective from 09/30/02 to 09/30/03, presumably based on the allegation that the allegedly unsolicited faxes were sent on 28 October 2002, while that policy was in effect. I am unaware that any amended complaint has been filed or served, but if one has, I ask that you instruct your defense counsel to forward the amended pleading for review, along with the other documents and information requested below.

Based on our review of the complaint and the potentially applicable insurance policy, St. Paul will agree to reimburse Brother for the reasonable fees and costs that Brother has incurred in defending the potentially covered claims in the lawsuit to date, and will undertake to reimburse such reasonable fees and costs in the future, subject to St. Paul's



EXHIBIT
B

Henry J. Sacco, Jr.
11 May 2004
Page 2

reservation of its right to deny any duty to defend or indemnify Brother on at least the
following grounds:

- The complaint does not allege or seek to recover damages for "bodily injury" or
"property damage" as those terms are defined by the St. Paul policy.
- Even if the complaint did allege or seek to recover damages for "bodily injury"
or "property damage," any such injury or damage was not caused by an "event"
as that term is defined by the St. Paul policy.
- Even if the complaint did allege or seek to recover damages for "bodily injury"
or "property damage," coverage for any such injury or damage would be
precluded by the exclusion for "Expected or intended bodily injury or property
damage."
- The complaint does not allege or seek to recover damages for "personal injury"
or "advertising injury" as those terms are defined by the St. Paul policy.  In
particular, the complaint does not allege or seek to recover damages for any of
the "personal injury offenses" or "advertising injury offenses" listed in the
St. Paul policy.
- Even if the complaint did allege or seek to recover damages for "personal
injury" or "advertising injury," coverage for any such injury or damage may be
precluded by the exclusion for "Deliberately breaking the law."
- The injunctive relief and attorneys' fees sought by the plaintiffs do not
constitute damages under the St. Paul policy, and the amounts sought by the
plaintiffs for violations of the Act, especially those trebled amounts sought for
willful or knowing violations, may not constitute damages either.

In addition, St. Paul hereby reserves its rights to deny coverage, to withdraw from the
defense, and, to the extent allowed by applicable law, to seek to recover from Brother any
defense costs that St. Paul pays if it is later determined that St. Paul had no duty to defend.
Moreover, St. Paul hereby reserves the right to allocate defense fees and costs between
potentially covered and uncovered claims, and to reimburse Brother only for the former.

Please arrange to have your defense counsel in the *Stonecrafters* action provide me with
copies of all pleadings, substantive motions, and briefs filed or served in the litigation to
date, along with copies of the parties' discovery responses and the transcripts of any
depositions that may have been taken in the matter so far.  In addition, please forward to
my attention copies of the invoices for the legal fees and costs that Brother has incurred to
date in defending the litigation, so that I can review them for reasonableness and
compliance with generally-accepted litigation practices.  In the meantime, set forth below
is a more detailed explanation of our coverage position.

Henry J. Sacco, Jr.
11 May 2004
Page 3

## ALLEGATIONS IN THE *STONECRAFTERS* ACTION

As noted above, the complaint alleges that Brother, d/b/a Brother Mall, violated the TCPA
and the Illinois Consumer Fraud and Deceptive Business Practices Act, and committed
conversion under Illinois common law. The complaint also alleges that Illinois statutory
law makes it a petty criminal offense to transmit unsolicited fax advertisements to Illinois
residents. According to the complaint, on 28 October 2002, Brother faxed an unsolicited
advertisement to a fax machine owned by Stonecrafters. The complaint alleges that in so
doing, Brother also violated the TCPA by failing to disclose certain information on the fax
as required by the TCPA and the federal regulations promulgated thereunder. The plaintiff
claims, on information and belief, that Brother "has sent thousands of similar unsolicited
facsimile advertisements throughout the United States and the State of Illinois."
Stonecrafters purports to represent a class of persons who, on or after a date three, four or
five years prior to the filing of the lawsuit (depending on the statute of limitations
applicable to the particular cause of action), were sent an advertising fax by Brother, and
with respect to whom Brother cannot provide evidence of consent or a prior business
relationship. The damages alleged include the loss or misappropriation of paper and toner
used to print the faxes, and unauthorized and unlawful wear and tear on the receiving fax
machines. The Illinois Consumer Fraud Act claim further alleges that Brother violated the
"unfairness predicate" of the Act by engaging in an unscrupulous business practice and by
violating Illinois statutory public policy.

## POLICY INFORMATION

St. Paul Fire and Marine Insurance Company issued Policy No. TE02901679 (the St. Paul
policy) to Brother International Corp. for the 09/30/02 to 09/30/03 policy period. Among
other coverages that are not relevant here, the St. Paul policy provides Technology
Commercial General Liability (CGL) Protection on an "event" basis on Form 47150 (Rev.
07-01), subject to a general total limit of liability of $2,000,000, an each event limit of
$1,000,000, and an advertising injury each person limit of $1,000,000. The policy also
provides Technology Umbrella Excess Liability protection on Form 47475 (Rev. 07-01),
subject to a general total limit of liability of $25,000,000, an each event limit of
$25,000,000, and an advertising injury each person limit of $25,000,000. The relevant
terms and conditions of the CGL and the Umbrella Excess Liability protection are the
same, however, so that our reservation of rights applies equally to both layers of protection.

## RESERVATIONS OF RIGHTS

The insuring agreement in the St. Paul policy states as follows:

Henry J. Sacco, Jr.
11 May 2004
Page 4

### What This Agreement Covers

**Bodily injury and property damage liability.** We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

- happens while this agreement is in effect; and
- is caused by an event.

The policy defines "bodily injury" and "property damage" as follows:

*Bodily injury* means any physical harm, including sickness or disease, to the physical health of other persons.

*Property damage* means:

- physical damage to tangible property of others, including all resulting loss of use of that property; or
- loss of use of tangible property of others that isn't physically damaged.

Clearly, the complaint does not allege or seek to recover damages for "bodily injury." Similarly, the complaint does not allege or seek to recover damages for "property damage" either. There is no allegation that any of the plaintiffs' tangible property – including their fax machines, toner and/or paper – sustained any physical damage. As you are aware, St. Paul respectfully disagrees with the decisions reached by several courts that have found that recipients of unsolicited faxes lost the use of their fax machines as well as permanent loss of facsimile paper and ink merely by receiving faxes that they did not wish to receive.

The St. Paul policy defines "event" as follows:

*Event* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The conduct alleged in the *Stonecrafters* complaint is not fairly characterized as "an accident." Faxing advertisements, or requesting that others do so on one's behalf, is not "an accident," nor is conversion. And Brother cannot credibly claim that the complaint alleges an "accident" because Brother did not intend to send unsolicited faxes, or because it did not intend the consequences of the faxing – the use of paper and toner. One who sends a fax necessarily intends the consequences – that the recipient's paper and toner will be used to print the fax.

The St. Paul CGL policy also includes an "Expected or intended bodily injury or property damage" exclusion, which provides in relevant part as follows:

Henry J. Sacco, Jr.
11 May 2004
Page 5

**Expected or intended bodily injury or property damage.** We won't cover bodily injury or property damage that's expected or intended by the protected person.

Even if the *Stonecrafters* complaint did allege "property damage" defined as loss of use of tangible property, the tangible property involved could only be the fax machines, paper or toner. As noted above, in sending a fax, the sender necessarily expects or intends the property damage, because the sender necessarily expects or intends that the recipient will use his or her fax machine, paper and toner to receive and print the fax. Therefore, St. Paul reserves the right to take the position that this exclusion applies to preclude coverage.

The St. Paul policy contains the following insuring agreements, and related definitions, for personal injury and advertising injury liability:

**Personal injury liability.** We'll pay amounts any protected person is legally required to pay as damages for covered personal injury that:
- results from your business activities; and
- is caused by a personal injury offense committed while this agreement is in effect.

*Personal injury* means injury, other than bodily injury or advertising injury, that's caused by a personal injury offense.

*Personal injury offense* means any of the following offenses:
- False arrest, detention, or imprisonment.
- Malicious prosecution.
- Wrongful entry into, or wrongful eviction from, a room, dwelling, or premises that a person occupies, if such entry or eviction is committed by or for the landlord, lessor, or owner of that room, dwelling, or premises.
- Invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, if such invasion is committed by or for the landlord, lessor, or owner of that room, dwelling, or premises.
- Libel, or slander, in or with covered material.
- Making known to any person or organization covered material that disparages the business, premises, products, services, work, or completed work of others.
- Making known to any person or organization covered material that violates a person's right of privacy.

Henry J. Sacco, Jr.
11 May 2004
Page 6

*Covered material* means any material in any form of expression, including material made known in or with any electronic means of communication, such as the Internet.

**Advertising injury liability.** We'll pay amounts any protected person is legally required to pay as damages for covered advertising injury that:
- results from the advertising of your products, your work, or your completed work; and
- is caused by an advertising injury offense committed while this agreement is in effect.

We won't consider advertising, borders, or frames for or of others, or links for or to others, that are on or in your website to be advertising of your products, your work, or your completed work.

*Advertising injury* means injury, other than bodily injury or personal injury, that's caused by an advertising injury offense.

*Advertising injury offense* means any of the following offenses:
- Libel, or slander, in or with covered material.
- Making known to any person or organization covered material that disparages the business, premises, products, services, work, or completed work of others.
- Making known to any person or organization covered material that violates a person's right of privacy.
- Unauthorized use of any advertising material, or any slogan or title, of others in your advertising.

*Advertising* means attracting the attention of others by any means for the purpose of:
- seeking customers or supporters; or
- increasing sales or business.

*Advertising material* means any covered material that:
- is subject to copyright law; and
- others use and intend to attract attention in their advertising.

*Slogan* means a phrase that others use and intend to attract attention in their advertising.

Case: 1:05-cv-05484 Document #: 1 Filed: 09/22/05 Page 34 of 36 PageID #:34

Henry J. Sacco, Jr.
11 May 2004
Page 7

But we won't consider slogan to include a phrase used as, or in, the name
of:
- any person or organization, other than you; or
- any business, or any of the premises, products, services, work, or
  completed work, of any person or organization, other than you.

*Title* means a name of a literary or artistic work.

We explain the terms:
- covered material in the Personal injury liability section; and
- your products, your work, and your completed work in the Products and
  completed work total limit section.

St. Paul reserves the right to contend that the plaintiffs in the *Stonecrafters* action do not
allege or seek to recover damages for "making known to any person or organization
covered material that violates a person's right of privacy."

The St. Paul policy contains the following "Material previously made known or used"
exclusion:

**Material previously made known or used.** We won't cover personal
injury or advertising injury that results from:
- any material that was first made known before this agreement begins; or
- any advertising material, or any slogan or title, of others, whose
  unauthorized use in your advertising was first committed before this
  agreement begins.

While the complaint specifically alleges only that Brother sent a fax on 28 October 2002, it
also alleges that Brother sent thousands of similar unsolicited faxes, and Stonecrafters
seeks to represent one or more classes consisting of persons who allegedly received
unsolicited faxes as long ago as 3 June 1998 (five years prior to the filing of the
*Stonecrafters* litigation). St. Paul reserves the right to assert that the "material previously
made known or used" exclusion precludes coverage for any "advertising injury" that results
from any material that was first made known before the earliest St. Paul policy became
effective.

The St. Paul policy contains the following "Deliberately breaking the law" exclusion:

**Deliberately breaking the law.** We won't cover personal injury or
advertising injury that results from:
- the protected person knowingly breaking any criminal law; or

Henry J. Sacco, Jr.
11 May 2004
Page 8

- any person or organization breaking any criminal law with the consent or knowledge of the protected person.

In the event that the TCPA or the other statutes at issue herein were found to be a criminal law, this exclusion would serve to limit or preclude any "advertising injury" coverage for the allegations against Brother.

Finally, certain relief sought by the plaintiffs would not be covered by the St. Paul policy in any event. In particular, the punitive damages, injunctive relief and attorneys' fees sought by the plaintiffs do not constitute damages under the St. Paul policy. In addition, the amounts sought by the plaintiffs for violations of the Act, especially those trebled amounts sought for willful or knowing violations, may not constitute damages.

The St. Paul CGL policy contains the following provision with respect to the Company's right and duty to defend:

> **Right and duty to defend a protected person.** We'll have the right and duty to defend any protected person against a claim or suit for injury or damage covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false or fraudulent. But we won't have a duty to perform any other act or service. . . .
>
> *Injury or damage* means:
> - bodily injury, personal injury, or advertising injury; or
> - property damage.

The right and duty to defend only attach to claims or suits for injury or damage covered by the policy.

St. Paul will presently agree to reimburse Brother for the reasonable fees and costs that Brother has incurred in defending the underlying class action complaint to date. St. Paul will also presently undertake to defend Brother (i.e., St. Paul will reimburse reasonable defense fees and costs incurred by counsel of Brother's choice) on a going-forward basis, subject to the reservation of rights set forth above.

## CONCLUSION

Nothing in this letter should be construed as a waiver of St. Paul's rights under any of the provisions of the St. Paul policies or any other defense St. Paul may have. St. Paul expressly reserves all rights to limit or deny coverage for this matter on the basis of any other or additional grounds. St. Paul's coverage determination is based on the information made available to date. If you have any additional information that you believe may affect

Henry J. Sacco, Jr.
11 May 2004
Page 9

our determination, or if you have any questions about this letter, please let me know at your
earliest opportunity.

Very truly yours,

ST. PAUL FIRE AND MARINE INSURANCE COMPANY

James C. Zacharski
Technology Claim
james.zacharski@stpaul.com

cc:     Anne M. Albanese
        Marsh USA, Inc.
        **(Via facsimile 973.292.8742)**