UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 05 C 5484 |
| v. | ) ) | Judge Joan B. Gottschall |
| BROTHER INTERNATIONAL CORPORATION D/B/A BROTHER MALL | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

St. Paul Fire and Marine Insurance Company ("St. Paul") has sued Brother International Corporation ("Brother") for a declaratory judgment concerning its rights and obligations under an insurance policy between the two corporations. Brother has filed a motion to transfer venue from this district to the District Court of New Jersey. For the reasons that follow, the motion to transfer is granted.

**BACKGROUND**

In June 2003, a nationwide class action was brought against Brother in Illinois state court for violations of the Telephone Consumer Protection Act ("TCPA") and a variety of state law claims. The suit, *Stonecrafters, Inc. v. Brother International Corp.*, 03CH409 (filed June 3, 2003), alleged that Brother had sent unsolicited advertisements to the class members via facsimile. Among other things, the complaint alleged that the faxes violated individuals' privacy rights by releasing confidential information and constituted conversion by misappropriating the plaintiffs' paper and toner and by causing wear and tear to their fax machines. Brother claimed that, pursuant to an

insurance contract between the parties, St. Paul was required to provide Brother with a defense in the suit. St. Paul denied that the suit was covered under the policy. The dispute centered, *inter alia*, over whether Brother's use of plaintiffs' paper and toner amounted to "property damage" within the meaning of the insurance policy.

St. Paul eventually agreed to provide Brother with a defense under a reservation of rights. The *Stonecrafters* action ultimately settled. Brother claims that it is entitled to reimbursement from St. Paul for the costs it incurred in defending itself in the suit, and for its settlement-related expenses. St. Paul filed this action seeking a declaratory judgment regarding its rights and obligations under the policy. Brother filed a counterclaim for breach of contract and filed the instant motion to transfer venue.

## LEGAL STANDARD

Transfer under section 28 U.S.C. § 1404(a) is appropriate where the moving party demonstrates that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See, e.g.*, *Schwarz v. National Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004). The parties do not dispute that venue is proper both in this district and in the District of New Jersey. Hence, the court need consider only whether transfer will serve the convenience of the parties and witnesses, and the interests of justice.

In evaluating the convenience of the parties and witnesses (a factor often referred to as the "private interest" factors), a district court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *See, e.g.*, *Washington Nat. Life Ins. Co. v.*

*Calcasieu Parish School Bd.*, No. 05 C 2551, 2006 WL 1215413, at *8 (N.D. Ill. May 2, 2006). When examining the interest of justice (often referred to as the "public interest" factors), the court focuses on the efficient administration of the court system. *Id.* Relevant considerations here include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Id.* The movant has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.*

The court considers each of the relevant factors in what follows.

**A.    Convenience of Witnesses and Parties: Private Interest Factors**

*1.    The plaintiff's choice of forum*

St. Paul argues that, as plaintiff in the present action, its choice of forum should be given "substantial weight." While it is true that some courts accord deference to the plaintiff's choice of forum, the status of that presumption is unclear in this district. *See, e.g.*, *Petersen v. Union Pacific R. Co.*, Nos. 04 C 5918, 04 C 5949, 04 C 6032, 05 C 6263, 2006 WL 1049715, at *2 (N.D. Ill. April 19, 2006) (noting differences among courts in this district about the extent to which a plaintiff's choice of forum is entitled to deference).

Even if, as a general matter, the plaintiff's choice of forum were entitled to great deference, that presumption would be inapplicable in this case. First, courts agree that the presumption of deference does not apply where the plaintiff does not reside in the chosen forum. *See, e.g.*, *Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847,

at *3 (N.D. Ill. Jan. 20, 2000). Since St. Paul was incorporated under Minnesota law and has its principal place of business in St. Paul, Minnesota, its decision to file suit in Illinois is not entitled to any special weight. St. Paul argues that it should be considered as a resident of Illinois because it is subject to personal jurisdiction in Illinois. However, St. Paul cites no authority for this contention, and virtually all cases found by the court determine a corporate party's home state by reference to its state of incorporation and its principal place of business. *See, e.g.*, *Q Sales & Leasing, LLC v. Quilt Protection, Inc.*, 2002 WL 1732418, No. 01 C 1993, at *2 (N.D. Ill. July 26, 2002); *see also Shaheen Sports, Inc. v. Asia Ins. Co., Ltd.*, 89 F. Supp. 2d 500, 505 (S.D.N.Y. 2000); *General Foam Plastics Corp. v. Kraemer Export Corp.*, 806 F. Supp. 88, 90 (E.D. Va. 1992); *cf. Saint-Gobain Calmar, Inc. v. National Products Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002) (refusing to accord plaintiff "home forum deference" simply because its parent corporation was located in the district).

Second, deference to the plaintiff's choice of forum is not appropriate where the "cause of action did not conclusively arise in the chosen forum." *Boyd v. Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999) (citing *Countryman on Behalf of Upstate New York Pension and Retirement Fund v. Stein Roe & Farnham,* 681 F. Supp. 479, 482-83 (N.D.Ill.1987)). Here, while the parties dispute the extent to which the present forum is connected with the cause of action, not even St. Paul argues that the cause of action *conclusively* arose in Illinois.[1] In light of these considerations, the court

---

[1] The parties further dispute the significance of the fact that the present suit seeks relief in the form of a declaratory judgment. Brother argues that St. Paul filed the action as a preemptive measure to prevent Brother from filing suit in its own home forum, and that under such circumstances, the deference traditionally accorded to the plaintiff's choice of forum is unwarranted. Since the court has concluded on other grounds that St. Paul's choice of forum is not entitled to deference, the court need not address Brother's arguments concerning St. Paul's alleged attempt to "wrestle" forum choice from Brother.

concludes that St. Paul's choice of forum is not entitled to deference.

### 2. *Situs of Material Events*

Brother points out that the following events all took place in New Jersey: (1) the formation of the insurance contract at issue; (2) the making of Brother's premium payments; (3) the decision to send the faxes at issue in the *Stonecrafters* suit; and (4) the sending of approximately half of the faxes (the other half being sent from Tennessee).

St. Paul responds by arguing that the underlying lawsuit took place in Illinois and that some of the damage alleged in the lawsuit (i.e., property damage and violation of privacy rights) took place in Illinois. All of these events, however, relate to the underlying *Stonecrafters* suit, not the present dispute over the insurance policy. St. Paul cites *Great W. Cas. Co. v. Dekeyser Express, Inc.*, No. 05 C 2681, 2005 U.S. Dist. LEXIS 26031 (N.D. Ill. Oct. 31, 2005), for the proposition that insurance coverage disputes should be heard where the underlying events giving rise to the claim took place. But *Dekeyser Express* is clearly distinguishable from this case. It is true that the court found the "situs of material events" factor favored the Central District of Illinois over the Northern District because the underlying accident had occurred in the Central District. *Id.* at *9. In that case, however, the Northern District of Illinois had no connection whatsoever with the litigation. That is patently not the case here: even St. Paul agrees that New Jersey was the site of many events material to the litigation.

Furthermore, the court notes that, *Dekeyser Express* notwithstanding, insurance coverage contract disputes often are located in fora different from those in which the underlying claims arose. *See, e.g.*, *Nobel Ins. Co. v. Acme Truck Line, Inc.,* No. 99-2950, 2000 WL 298908, at *3 (N.D. Tex. Mar. 21, 2000) (denying defendant's motion to transfer venue to the site of the underlying accident

5

in an insurance coverage dispute case); *AVEMCO Ins. Co. v.. GSV Holding Corp.,* No. 96 CIV. 8323 LAP, 1997 WL 566149, at *6 (S.D.N.Y. Sept. 11, 1997) (transferring venue to New Jersey even though the underlying accident occurred in New York because "the pivotal issue in this declaratory judgment action is the interpretation of an insurance policy between defendants" and that centers on telephone conversations in New Jersey); *Evangelical Lutheran Church of America v. Atlantic Mutual Ins. Co.,* 973 F. Supp. 820, 823 (N.D. Ill. 1997) (although the place where the sexual misconduct occurred was Texas, the important event underlying the declaratory judgment action, the decision to deny coverage, was made at the corporate offices in New York); *AFA Enterprises, Inc. v. American States Ins. Co.,* 842 F. Supp. 902, 909 (S.D. W. Va. 1994) (transferring venue to Pennsylvania even though the underlying accident occurred in West Virginia because "the material facts of this litigation surround plaintiffs' purchase of insurance from defendant and a previous insurer"); *Home Ins. Co. v. Liberty Mutual Ins.,* 678 F. Supp. 1066, 1071 (S.D.N.Y. 1988) (place of accident giving rise to coverage dispute was unrelated to the sole issue to be determined-the parties' understanding of the policy provisions).[2]

The court concludes that this factor strongly favors transfer to New Jersey.

### 3. *Relative ease of access to sources of proof*

The parties give little attention to this factor: Brother suggests that its insurance broker, Marsh USA ("Marsh"), may have evidence related to this dispute that could not be subpoenaed if the case were tried in Illinois. But this argument is not sufficiently developed to be convincing. This factor favors neither forum.

---

[2] These cases are collected in *Transcontinental Ins. Co. v. Coreslab Structures (OKLA) Inc.*, No. 3:01-CV-2589-M, 2002 WL 570880, at *2 n.8 (N.D. Tex. Apr. 12, 2002).

*4.     Convenience of the Witnesses*

Convenience to the witnesses is the factor often viewed as having the most weight in determining whether to transfer venue. *See, e.g.*, *Westchester Fire Ins. Co. v. Carolina Cas. Ins. Co.*, No. 03 C 41372004, WL 170325, at *3 (N.D. Ill. Jan. 15, 2004). In examining this factor, courts look to the nature and quality of the witnesses' testimony, not merely the number of witnesses in each venue. *See, e.g.*, *Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.*, No. 04 C 7624, 2005 WL 396304, at *6 (N.D. Ill. Feb. 16, 2005). Vague generalizations concerning potential witnesses are insufficient. *See, e.g., Beigel & Sandler v. Weinstein*, No. 92 C 3932, 1993 WL 189920, at *3 (N.D. Ill. May 28, 1993). Rather, the party seeking transfer on the grounds of witness convenience must clearly specify the key witnesses to be called and include a generalized statement about what their testimony will include. *Id.*; *see also Finley v. Dun & Bradstreet Corp.*, No. 05 C 5134, 2006 WL 861920, at *4 (N.D. Ill. Mar. 30, 2006).

Brother has identified several witnesses who reside in New Jersey. These, however, are all Brother officials. The convenience to employee witnesses is not given great weight. *See, e.g.*, *Law Bulletin Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998). Brother also argues, however, that testimony will be necessary from Marsh employees. While it is true that Brother is not very specific about the particular witnesses or about the nature of their testimony, even St. Paul concedes that testimony from Marsh may be necessary regarding, for example, the parties' intent in entering into the insurance policy.

At the same time, St. Paul has not shown that witnesses will be inconvenienced by transferring the case to New Jersey. St. Paul has identified only one specific witness whom it plans to call: James Zacharski, a Senior Technology Claims Attorney. However, Zacharski resides in

Minnesota, not Illinois, and in any event, is an employee-witness whose convenience, like that of the Brother employees, need not be given significant weight. St. Paul refers in a general way to witnesses from the *Stonecrafters* litigation whose testimony might be necessary, but St. Paul gives no reason for believing that this testimony will in fact be necessary. And even if testimony from class members were necessary, it is not clear why, given the fact that the class is nationwide, that the testimony would have to come from Illinois class members. The court concludes that the convenience of the witnesses favors (if only slightly) transfer to New Jersey.

     *5.     Convenience to the parties*

St. Paul has provided information suggesting that flights from Minnesota to New Jersey are less frequent and more expensive than flights from Minnesota to Illinois. St. Paul also argues that trips to New Jersey would likely require an overnight stay, whereas trips to Illinois would not. As Brother points out, however, St. Paul already has willingly accepted inconvenience by filing suit outside of its home forum. Moreover, the court notes that the convenience of the parties is arguably the least important of all of the private interest factors. *See, e.g.*, *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 820 (8th Cir. 1994); *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, No. 99 C 1049, 1999 WL 311700, at *5 (N.D. Ill. May 13, 1999) (noting that convenience of the witnesses is more important than the convenience of the parties); *Johnson Worldwide Associates, Inc. v. Brunton Co.*, 12 F. Supp. 2d 901, 908 (E.D. Wis. 1998). Thus, convenience to the parties counsels against transfer, but does so only marginally.[3]

---

[3] St. Paul additionally makes vague allusions to a forum selection clause and advances the cryptic argument that because Brother was "fully prepared to defend any such litigation involving the 'released claims' (including claims against St. Paul), if such claims had been initiated by the *Stonecrafters* plaintiffs in Illinois," Brother "waived" any argument that it would be inconvenienced by litigating in Illinois. In response, however, Brother argues that it merely

**B.      Interests of Justice: Public Interest Factors**

   *1.      The court's familiarity with the applicable law*

The parties dispute which state's law will apply to the present action and about the proper way of making the choice-of-law determination. It is well settled that "[w]hen a case is transferred from one federal district court to another pursuant to 28 U.S.C. § 1404, the choice-of-law principles of the state in which the original district court sits ... govern the case." *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 963 n.7 (7th Cir. 2002) (citing *Ferens v. John Deere Co.*, 494 U.S. 516 (1990)). Hence, Illinois choice-of-law principles, whether applied by an Illinois court or a New Jersey court, must be used determine which law should apply to the present dispute.

Illinois applies the "most significant contacts" test set forth in the Restatement (Second) of Conflicts § 188 (1971), to resolve contract disputes. *See, e.g.*, *CSX Transp., Inc. v. Chicago and North Western Transp. Co. Inc.*, 62 F.3d 185, 188-89 (7th Cir. 1995). Under this test, the contacts relevant to a choice-of-law decision include the place of contracting, negotiation, performance,

---

agreed to continuing jurisdiction before the court in McHenry County, Illinois for purposes of enforcing the Settlement Agreement between the parties. It is thus unclear whether the agreement in question in fact amounted to a "forum selection clause"; and even if it could be so characterized, it belonged not to the insurance policy between Brother and St. Paul, but to the Settlement Agreement in the underlying action. As such, it has little relevance to the present motion. In any event, the argument is too poorly developed to warrant discussion by the court. Indeed, the court has been unable to find a copy of the insurance policy among the exhibits and other documents submitted in connection with the case.

   St. Paul also premises its waiver argument on representations Brother allegedly made in a brief submitted to the Illinois Supreme Court. Brother explains, however, that in the motion it merely sought to consolidate the *Stonecrafters* litigation, pending in McHenry County, with other TCPA cases pending in Cook County. Brother merely maintained that litigating the class action case in Cook County would not be any more inconvenient than litigating in McHenry County.

9

location of the subject matter of the contract, and the domicile, residence, place of incorporation, and business of the parties. *Id.*; s*ee also Devitt v. Ryerson Tull, Inc.*, No. 05-2308, 2006 WL 1120528, at *3 (N.D. Ill. Apr. 25, 2006); *United States Fire Ins. Co. v. CNA Ins. Companies*, 572 N.E.2d 1124, 1127 (Ill. App. Ct. 1991).

Without engaging in a full-blown choice-of-law analysis, the court notes that even a cursory examination of the relevant factors suggests that New Jersey law will apply to the present litigation. St. Paul insists that principles of contract law and interpretation are similar enough among the states that it makes little difference which state's law applies. However, courts in this district frequently have found differences in contract law – and indeed difference specifically between New Jersey and Illinois contract law – to be significant when considering motions to transfer. *See, e.g.*, *Plymouth Tube Co. v. O'Donnell*, No. 95 C 0277, 1995 WL 387595, at *5 (N.D. Ill. June 28, 1995) ("Since it is advantageous in diversity actions to have federal judges familiar with the applicable state law try a case, the interests of justice are better served by having this court – rather than a district court in New Jersey – apply Illinois law to determine breach of contract.") (internal citations omitted); *see also Heller Financial, Inc. v. Shipp*, No. 88 C 4686, 1988 WL 99204, at *3 (N.D. Ill. Sept. 16, 1988) ("Since the contract is to be construed under Illinois law, it is best to litigate in a court most familiar with the applicable laws."); *Robert Irsay Co. v. Cleveland Elec. Illuminating Co.*, No. 92 C 3839, 1992 WL 358907, at *3 (N.D. Ill. Nov. 24, 1992) ("Without reaching a conclusion on which law would apply here, we believe that it is likely that under the most significant contacts test employed by this Circuit, Ohio law would in fact govern this dispute. The likely application of Ohio law argues for transfer, 'not because [Ohio contract] law is uncertain, novel or complex, but merely because issues of local law are best construed by courts most familiar with them.'") (quoting *Ratner*

*v. Hecht*, 621 F. Supp. 378, 383 (N.D. Ill. 1985)). The court thus concludes that this factor favors transfer to New Jersey.

   2.   *Speed at which the case will proceed to trial*

The parties agree that the case is likely to proceed to trial more quickly if it remains in Illinois. Brother argues, however, that the difference is marginal (it takes three months longer to go to trial in New Jersey than in Illinois; and there is a one month difference in the disposition of all cases as between New Jersey and Illinois). Brother also argues that only it, and not St. Paul, will be prejudiced by the delay, since St. Paul is in possession of the money in dispute. Under the circumstances, the court considers this factor to be a draw.

   3.   *Desirability of resolving controversies in their locale*

Brother argues that New Jersey has a stronger interest than Illinois in determining whether a New Jersey corporation recovers under an insurance policy issued in New Jersey. The court agrees: it is difficult to see what interest Illinois might have in resolving this dispute. Against this, St. Paul cites *American Casualty Co. v. Filco*, No. 04 C 3782, 2005 U.S. Dist. LEXIS 3064 (N.D. Ill. Jan. 20, 2005). That case involved an action by the plaintiffs seeking a declaratory judgment concerning their duty to defend or indemnify the defendant, who had been accused of contaminating soil on property in Illinois. The court held that Illinois had a stronger interest in the dispute than did Indiana, since, among other things, the dispute over insurance coverage might "ultimately determine whether or not Defendants are able to clean up the contamination or compensate private plaintiffs injured by the contamination." *Id*. at 12. As Brother convincingly argues, *Filco* has little relevance to the present dispute. Here, since the *Stonecrafters* class members already have been compensated under the settlement agreement, Illinois has no interest in the outcome of the insurance dispute

11

between St. Paul and Brother.

The court concludes that New Jersey has a much stronger interest in resolving the present dispute than does Illinois. *Cf. Calcasieu Parish School Bd.*, 2006 WL 1215413, at *13 (Louisiana had "much stronger interest" than Illinois in resolving dispute arising from insurance agreements solicited in Louisiana, negotiated in Louisiana, and issued to a Louisiana School Board). This factor weighs heavily in favor of transfer.

       *4.       Inconvenience of jury duty for citizens in unrelated forum.*

Brother does not address this factor in its briefs. St. Paul, however, argues that this factor does not favor transfer for two reasons. First, the forum is not unrelated; and second, most such actions are decided by summary judgment. At best, this factor is neutral.

**C.    Summary**

Based on the foregoing analysis, the court finds that transfer is appropriate here. Only two factors arguably counsel against transfer: the convenience of the parties and the speed at which the case is likely to proceed to trial. The weight of these factors is very slight, however: not only do these factors only marginally favor Illinois, but the factors themselves are not, taking the overall calculus as a whole, of great significance. Much more important is the site of the events, each district's interest in resolving the dispute, and the districts' relative familiarity with the applicable law, all of which point strongly in the direction of transfer. *Cf. Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000) (granting transfer where the "most compelling factors – situs of the material events, the relative ease of the access to a potential source of proof and the community's interests – weigh[ed] heavily in favor of transfer"). The court thus concludes that Brother has carried its burden of showing that New Jersey is clearly the more convenient forum.

## CONCLUSION

For these reasons, Brother's motion to transfer venue to the District of New Jersey is granted.

ENTER:

/s/_____
JOAN B. GOTTSCHALL
United States District Judge

Dated: June 1, 2006